IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
JOE DARRELL RUSSELL,           )
                               )
          Plaintiff,           )
                               )
v.                             )     Case No. CIV-06-054-KEW
                               )
JO ANNE B. BARNHART,           )
Commissioner of Social         )
Security Administration,       )
                               )
          Defendant.           )
```

**OPINION AND ORDER**

Plaintiff Joe Darrell Russell (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED AND REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 13, 1952 and was 50 years old at the time of the expiration of his insured status. He completed his education through the 11th grade. Claimant has worked in the past as a carpenter, and maintenance man. Claimant alleges an inability to work beginning July 30, 1999, due to cardiovascular impairments, diabetes, a hernia, arthritis in his right shoulder and obesity.

### Procedural History

On October 7, 2003, Claimant filed for Disability Insurance Benefits under Title II of the Social Security Act (42 U.S.C. § 401 *et seq.*). His insured status expired September 30, 2003.

Claimant's application for benefits was denied initially and upon reconsideration. A hearing before ALJ Richard A. Say was held on May 17, 2005 in Tulsa, Oklahoma. By decision dated June 22, 2005, the ALJ found that Claimant was not disabled at any time through the date of the decision. On December 7, 2005, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant's medical conditions were severe, they did not meet a Listing and Claimant retained a residual functional capacity ("RFC") to allow him to perform light work.

### Review

Claimant asserts the ALJ committed error requiring reversal in (1) failing to explain the weight given to the medical opinions in the record; and (2) failing to consider Claimant's obesity as a medically determinable impairment in combination with his cardiovascular impairments.

### Weight Given to Medical Opinions

Claimant contends the ALJ failed to discuss the weight given to the opinion provided by Dr. Subramaniam Krishnamurthi, a physician employed by the ALJ to answer health status

4

interrogatories. Dr. Krishnamurthi provided responses after reviewing Claimant's medical records and completed a Medical Source Statement dated June 13, 2000. (Tr. 205-07). Dr. Krishnamurthi found Claimant could sit, stand, and walk for one hour at a time and could lift and carry less than five pounds. He also provided the opinion that Claimant could occasionally reach with his right shoulder. (Tr. 206-07). However, he concluded Claimant did not meet a listing. (Tr. 208).

For his part, the ALJ discussed Dr. Krishnamurthi's report. (Tr. 21). However, his analysis and evaluation of the opinion ended with this minimal discussion. An ALJ must evaluate every medical opinion in the record, *see* 20 C.F.R. § 404.1527(d), although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). Additionally, "[i]t is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004) citing Switzer v. Heckler, 742 F.2d 382, 385-86 (7th Cir. 1984). Rather, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996) citing

5

Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The failure to discuss the weight provided to Dr. Krishnamurthi's opinion constitutes error. Defendant contends the deficiency is irrelevant because Claimant allegedly first referenced right shoulder pain in January of 2004, several months after the expiration of his insured status in September of 2003. This may indeed be the case. Unfortunately for Defendant, the ALJ failed to reference this reason as the basis for rejecting Dr. Krishnamurthi's opinion. On remand, the ALJ shall not only discuss this physician's opinion but also evaluate the weight to be provided to it, if any.

### Consideration of Claimant's Weight

Claimant also asserts the ALJ failed to properly consider his obesity, solely and in combination with his cardiovascular impairments. Obesity is indeed to be considered in any determination and evaluation of impairments. 20 C.F.R. Pt. 405, Subpt. P, App. 1 § 4.00(F). However, no evidence appears in the record to support a finding that Claimant is, in fact, obese. References appear in the record regarding his weight but no medical professional has found this weight to constitute obesity. As a result, further consideration of obesity is not required on remand.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not

applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 18th day of January, 2007.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma